UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LORRY VAN CHASE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-2902 (EGS) |
| BUREAU OF INDIAN AFFAIRS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Lorry Von Chase ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Bureau of Indian Affairs and the United States Department of the Interior (collectively, "BIA"). This matter is before the Court on Defendants' Motion for Summary Judgment, ECF No. 19, and Plaintiff's motion for an award of fees and costs, ECF No. 22.[1] For the reasons discussed below, the Court GRANTS summary judgment for Defendants and DENIES Plaintiff's motion for fees and costs.

**I. BACKGROUND**

Plaintiff had been convicted of federal offenses and served a prison sentence imposed by the United States District Court for the District of North Dakota. Defendants' Reply to Counter-

---

[1] The Court will deny Plaintiff's Cross-Motion for Summary Judgment, ECF No. 22, and construe this submission as Plaintiff's opposition to Defendants' summary judgment motion and his motion for an award of attorney fees and costs.

1

Statement of Material Facts as to Which There Is a Genuine Issue (ECF No. 24-1, "SMF") ¶ 1.[2] He has engaged in post-conviction proceedings in the District of North Dakota and the United States Court of Appeals for the Eighth Circuit. SMF ¶ 2. Plaintiff currently is incarcerated at the North Dakota State Penitentiary, *id*. ¶ 1, "on a completely different State court conviction," Pl.'s Opp'n Mem. in Opp'n to Def.'s Mot. for Summ. J. and in Support of Pl.'s Cross-Mot. for Summ. J. (ECF No. 21, "Pl.'s Mem.") ¶ 9.

On September 4, 2018, Plaintiff sent a FOIA request to BIA, Office of Justice Services, Turtle Mountain Law Enforcement Agency ("OJS Turtle Mountain"). SMF ¶¶ 1, 3. He sought information about himself in records generated between January 1, 2006, and September 4, 2018. *Id*. ¶ 3.

Because BIA did not respond to Plaintiff's FOIA request within the 20-day period within which an agency ordinarily must respond, *see* 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff filed an administrative appeal on October 15, 2018. SMF ¶¶ 4, 15. He did not receive a response to the appeal. *See id*. ¶ 16.

By letter dated November 8, 2018, BIA acknowledged receipt of Plaintiff's FOIA request which was assigned FOIA control number BIA-2018-02000. *See id*. ¶¶ 5, 13. BIA further

---

[2] Plaintiff correctly observed that BIA did not format its Statement of Material Facts Not in Genuine Dispute in the two-column table required in the Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan, ECF No. 5. Plaintiff created his own table by inserting BIA's assertions of facts in the left column, and his responses in the corresponding right column. *See* Plaintiff's Counter-Statement of Material Fact as to Which There is a Genuine Dispute, ECF No. 22 at 8-11 (page numbers designated by ECF). Defendants' Omnibus Response to Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 24, includes Defendants' Reply to Counter-Statement of Material Facts as to Which There Is a Genuine Dispute, ECF No. 24-1. The Court cites only those statements with which the parties agree.

advised that it would take additional time to consult with other agency components, and expected to respond to Plaintiff by November 23, 2018. *Id.* ¶ 13. It did not, and Plaintiff filed this civil action on December 13, 2018. *Id.* ¶ 6.

According to BIA, when Plaintiff submitted his FOIA request, there was a post-conviction matter pending before the United States District Court for the District of North Dakota, the ruling in which Plaintiff appealed to the United States Court of Appeals for the Eighth Circuit on May 15, 2019. Defendants' Motion to Stay Proceedings (ECF No. 16, "Mot. to Stay") ¶ 3. The Eighth Circuit dismissed the appeal and issued its mandate on October 2, 2019. *Id.* ¶ 4. Although BIA purportedly was relying on FOIA Exemption 7(A), *see id.* ¶ 22, it did not assert the exemption until October 10, 2019, in its motion to stay these proceedings, SMF ¶ 17. Once the post-conviction matters were resolved, BIA represented, it completed the processing of Plaintiff's FOIA request. *See* Mot. to Stay ¶¶ 12, 22-23. The parties dispute whether the filing of this civil action or the conclusion of post-conviction proceedings prompted BIA to release the records Plaintiff requested. *See* SMF ¶ 15.

BIA's search yielded 26 pages of responsive records maintained by OJS Turtle Mountain. *Id.* ¶ 7. On November 15, 2019, *id.* ¶ 12, BIA released 15 pages in full and 11 pages in part, *id.* ¶ 9, after having redacted "personal identifying information of victims, witnesses, or criminal investigators" under FOIA Exemption 6 and/or 7(C), *id.* ¶ 10; *see generally* Declaration of Renee Parisien (ECF No. 19-2), Ex. A (ECF No. 19-3, "Vaughn Index").

3

## II. DISCUSSION

### A. Defendants' Motion for Summary Judgment

#### 1. Summary Judgment Standard

The Court may grant summary judgment to a government agency as the moving party if the agency shows that there is no genuine dispute as to any material fact and if it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

"Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). The Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and "not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely

4

speculative claims about the existence and discoverability of other documents." *SafeCard Servs.*, 926 F.2d at 1200 (citation and internal quotation marks omitted).

### 2. Defendants' Search and Reliance on Exemptions 6 and 7(C)

To prevail on summary judgment in a FOIA case, an agency typically must demonstrate that it conducted a search reasonably calculated to locate responsive records, *see, e.g., Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999), that any withheld information falls within the claimed exemptions, *see, e.g., Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981), and that all reasonably segregable information has been released, *see, e.g.*, *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999). Here, "Plaintiff does not dispute that [BIA's] search for records was adequate, or that the FOIA exemptions applied with regard to redactions [were] appropriate." Pl.'s Mem. ¶ 7.

With Plaintiff's concessions, and based on the Court's review of BIA's supporting declaration and Vaughn Index, there remains no material fact in genuine dispute regarding BIA's compliance with FOIA. *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (concluding that "there is nothing of the underlying FOIA dispute left for the Court to adjudicate" where requester concedes that agency produced all the records he seeks and he raises no objections to agency's redactions). Accordingly, the Court grants BIA's summary judgment motion.

### B. Plaintiff's Demand for Attorney Fees and Costs

Plaintiff demands an award of attorney fees and costs under 5 U.S.C. § 552(a)(4)(E). *See* Pl.'s Mem. ¶ 12. "[D]ue to [BIA's] actions of ignoring [his] FOIA request[] and forcing him to file suit in order to obtain release of the records, Plaintiff requests attorney's fees in an amount deemed reasonable . . . to compensate him for the considerable time spent preparing and

litigating this action." *Id*. In addition, "Plaintiff seeks costs of $350 for the filing fee in this action." *Id*.

The Court summarily disposes of the demand for attorney fees because, as a *pro se* litigant, Plaintiff simply is not entitled to recover them. *See Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir. 1993) (concluding that a *pro se* non-attorney may not recover attorney fees under 5 U.S.C. § 552(a)(4)(E)). However, a *pro se* plaintiff may be able to recover his litigation costs. *See, e.g., Warren v. Colvin*, 744 F.3d 841, 845 (2nd Cir. 2014) (remanding case with instruction for district court to award cost of filing fee to *pro se* plaintiff); *Kretchmar v. FBI*, 882 F. Supp. 2d 52, 58 (D.D.C. 2012) (citing *Benavides*, 993 F.2d at 259-60).

A requester is eligible for an award of "other litigation costs reasonably incurred in any case . . . in which [he] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails in one of two ways: by obtaining "a judicial order . . . or . . . a voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Because the Court has denied Plaintiff's cross-motion for summary judgment, Plaintiff is not eligible for an award of costs by having obtained a judicial order. Absent a court order, Plaintiff "must show that prosecution of the action could reasonably be regarded as necessary to obtain the information . . . and that a causal nexus exists between that action and the agency's surrender of the information[.]" *Sweatt v. United States Navy*, 683 F.2d 420, 423-24 (D.C. Cir. 1982) (per curiam) (citation and internal quotation marks omitted); *see Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Justice*, 750 F.2d 117, 119 (D.C. Cir. 1984).

Plaintiff points to BIA's initial response, or admitted lack of response, to his FOIA request. *See* Pl.'s Mem. ¶ 12. He argues that BIA voluntary released the records he requested

only after he filed this civil action.  *See id*.  This, Plaintiff contends, "represents a unilateral change in position" by which he substantially prevailed.  *Id*.

BIA responds that, at most, Plaintiff establishes a sequence of events: the release of records occurred after he filed this civil action.  *See* Defs.' Omnibus Response to Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J. (ECF No. 23, "Defs.' Opp'n") at 5.  But timing does not demonstrate causation.  *See Weisberg v. Dep't of Justice*,745 F.2d 1476, 1496 (D.C. Cir. 1984).  Rather, BIA argues, the end of Plaintiff's post-conviction proceedings, *not* the filing of this civil action, triggered the release of records responsive to his FOIA request.  *See* Defs.' Opp'n at 6.  Plaintiff disputes this argument.

BIA would have relied on FOIA Exemption 7(A), which protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings[.]"  5 U.S.C. § 552(b)(7)(A).  A pending motion to vacate sentence under 28 U.S.C. § 2255, such as the one Plaintiff filed, *see* Pl.'s Reply to Defs.' Opp'n to Cross-Mot. for Summ. J. (ECF No. 25, "Pl.'s Reply") at 6, would qualify as an enforcement proceeding for purposes of Exemption 7(A), *see Johnson v. FBI*, 118 F. Supp. 3d 784, 792 (E.D. Pa. 2015) ("[L]ogic suggests that the existence of a pending motion under § 2255 makes it reasonably foreseeable that an enforcement proceeding (i.e., a new trial) will take place, leading to the expectation that Exemption 7(A) may apply to protect materials whose release could reasonably be expected to interfere with that new trial.").

According to Plaintiff, there were no pending post-conviction matters at the time he submitted his FOIA request.  *See* Pl.'s Reply at 2-3, 5-6.  If there were no pending enforcement proceedings, Plaintiff claims that BIA could not have relied on Exemption 7(A).  *See id*. at 3.

And if BIA could not rely on Exemption 7(A), Plaintiff argues that "it is not reasonable to expect that [it] would have voluntarily released the records." *Id.* He deems it "more probable that not that Plaintiff's suit . . . provoked the release of the requested documents." *Id.* According to Plaintiff, "[t]here is nothing to suggest that [BIA] would have eventually released the documents on its own because there existed no valid reason . . . to withhold the documents in the first place." *Id.*

The Court need not determine which event prompted BIA to respond to Plaintiff's FOIA request in order to conclude that Plaintiff is not eligible for an award of costs. Plaintiff does not suggest that the public derives some benefit from release of the records he requested. Where, as here, "Plaintiff's interest in . . . the information appears to be personal," *Dasta v. Lappin*, 657 F. Supp. 2d 29, 33 (D.D.C. 2009), he fails to demonstrate that his "claim is not insubstantial," 5 U.S.C. § 552(a)(4)(E)(ii).

Even if Plaintiff were to establish eligibility for an award of costs, he fails to demonstrate that he is entitled to an award. The decision to award attorney fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting that the § 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors"). In deciding a requester's entitlement to fees and costs, the Court considers four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

Plaintiff's claim fails on the fourth factor.  "Under the fourth factor, the question for a district court is not whether the agency's legal and factual positions were correct.  The question is whether the agency's positions were reasonable."  *Morley v. CIA*, 894 F.3d 389, 393 (D.C. Cir. 2018) (citing *Davy*, 550 F.3d at 1162).  Technically Plaintiff is correct that the post-conviction proceedings in his *federal* criminal case had not commenced when he submitted his FOIA request on September 4, 2018.  *See* Pl.'s Reply at 6.  Review of the criminal case docket, *see* Defs.' Opp'n, Ex. C (Criminal Docket for Case # 4:96-cr-0032 at 13), shows that Plaintiff did not file a motion to vacate sentence in the U.S. District Court for the District of North Dakota until January 9, 2019.  However, BIA shows that there was a pending post-conviction matter in state court when Plaintiff submitted his FOIA request.  *See Chase v. North Dakota*, 932 N.W. 2d 529 (N.D. 2019); *Chase v. North Dakota*, No. 20180073, 2018 WL 2648348 (N.D. Supreme Ct. Mar. 27, 2018) (Appellate Brief).  The Court accepts BIA's representation that the state court matter "overlapped with the Eighth Circuit post-conviction matter."  Defs.' Sur-Reply in Opp'n to Pl.'s Cross-Mot. for Summ. J. (ECF No. 27) at 2.  In the circumstances of this case, BIA reasonably could have taken the position that Exemption 7(A) applied because post-conviction proceedings in the federal and state courts were pending in 2018 and 2019.

Without question, BIA's response to Plaintiff's FOIA request was untimely.  But FOIA "does not suggest that an award of attorney's fees should be automatic" in such circumstances.  *Morley*, 894 F.3d at 393; *see Barnard v. Dep't of Homeland Sec.*, 656 F. Supp. 2d 91, 100 (D.D.C. 2009).  BIA no longer relies on Exemption 7(A), and Plaintiff concedes that BIA since has conducted a reasonable search and properly relied on Exemptions 6 and 7(C).  Even if Plaintiff were eligible for an award of litigation costs, he fails to demonstrate that he is entitled to it.

**III. CONCLUSION**

The Court concludes that BIA ultimately conducted a reasonable search for records responsive to Plaintiff's FOIA request and justified its reliance on Exemptions 6 and 7(C). Further, the Court concludes that Plaintiff is neither eligible nor entitled to an award of attorney fees and costs. Accordingly, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's motion for an award of fees and costs is DENIED. An Order is issued separately.

DATE: June 26, 2020                  /s/
                                                        EMMET G. SULLIVAN
                                                        United States District Judge